UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ERNEST ADOLF SCHAEF, SR.,

    Petitioner,

v.

BELINDA STEWART,

    Respondent.

Case No. C06-5544FDB

REPORT AND RECOMMENDATION

Noted for November 17, 2006

    Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center near Aberdeen, Washington. Petitioner seeks habeas relief under 28 U.S.C. § 2254 challenging his 2002 Lewis County convictions and sentences for assault, for which he is serving a prison sentence of 144 months. The matter is before the court on the issue of whether or not the court should dismiss the petition as an unauthorized second or successive petition. Petitioner filed in response to the issue on or About October 10, 2006. After a careful review of the record, the undersigned submits the following report and recommends that the Court dismiss the petition for writ of habeas corpus as a second or successive petition.

## DISCUSSION

    The Antiterrorism and Effective Death Penalty Act of 1996, which was signed into law on April 24, 1996, section 2244(b)(3)(A) of the Act, states:

> Before a second or successive application permitted by this section is filed in the district court, **the applicant shall move in the appropriate court of appeals for an order**

**authorizing the district court to consider the application**.

(Emphasis added).

Here, Mr. Schaef readily admits that his petition is a second or successive petition to his earlier attempts to collaterally challenge his convictions and sentences. Specifically, Petitioner previously filed a petition for habeas corpus challenging the validity of his 2002 Lewis County convictions in C05-5461RBL, and Petitioner attaches the Court's order dismissing the petition as being time barred. Petitioner argues the court should accept review of the instant petition because he has presented "just cause" for failing to raise his current issues in prior petitions. Petitioner argues the State Court of Appeals acknowledged the fact that he only recently discovered the issues and that this should persuade the undersigned to review the matter, rather than dismiss is as a second or successive petition. Regardless to the merits of Petitioners' "just cause" argument, the court is not authorized to entertain the petition without review and certification from the Ninth Circuit.

Petitioner's instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A). Before the U.S. District Court can entertain the merits of any claims brought in such a petition, petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the petition.

## CONCLUSION

Based on the foregoing, the Court should dismiss the petition for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **November 17, 2006**, as noted in the caption.

DATED this 24th day of October, 2006.

            */s/ J. Kelley Arnold*
            J. Kelley Arnold
            United States Magistrate Judge